### DILLE et al. v. HAMMOND et al.
### No. 5518.

Court of Appeals of the District of Columbia.
Argued June 1, 1932.
Decided June 27, 1932.

Wm. J. Neale and Wm. D. Harris, both of Washington, D. C., for appellants.

Leon Pretzfelder, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

## MARTIN, Chief Justice.

An appeal from a decree against appellants as defendants below, requiring them to pay a certain mortgage upon lands, which, it was alleged, had been conveyed to appellants upon their agreement to pay the mortgage indebtedness.

In August, 1925, one L. M. Petty owned a certain fifty-acre tract of land situate in the state of Florida, and Harlan E. Gibbs was authorized by Petty to make sale of it. Gibbs then entered into a written contract with J. Walter O'Boyle, a real estate agent, which provided for a sale of the land to O'Boyle, for a consideration of $27,500, payable $500 in cash, $8,666.66 upon delivery of the deed, $9,166.66 on August 1, 1926, and $9,166.66 on August 1, 1927. Gibbs reserved the right to declare the contract forfeited in case any of these installments should remain unpaid for the period of thirty days after maturity.

On September 22, 1925, O'Boyle made a written assignment of his rights under this contract to A. O. Dille and Edward B. Horen, appellants herein, who paid O'Boyle the sum of $500 and covenanted to carry out the terms of the contract so assigned to them. It was stated in the writing that the assignment of the contract was for the purpose of making a resale of the property at a price to be agreed upon by the parties, and that the net profits of such resale, if any, should be divided between them as follows, to wit, three-eighths to Dille, three-eighths to Horen, and one-fourth to O'Boyle.

Thereupon Dille and Horen, who were residents of Washington, D. C., intrusted the sum of $8,666.66 to O'Boyle, and sent him to Florida for the purpose of making a settlement and obtaining a deed for the property. On September 28, 1925, O'Boyle made a settlement in the absence of Dille and Horen whereby ten acres of the land were withdrawn from the contract, and the stipulated price was proportionately reduced, because of a cloud upon the title of that part of the land. O'Boyle then paid the sum of $8,666.66 to Petty, who concurrently executed and delivered a deed of conveyance to O'Boyle for the remaining forty acres. At the time of the settlement, the conveyed tract was subject to a first mortgage for $4,000, and this was assumed by O'Boyle as part of the consideration, and was to be paid as part of the purchase price of the land. O'Boyle at the same time executed and delivered to Petty two promissory notes for $2,750 each, secured by mortgage upon the land, to be credited upon the consideration, and also gave a mortgage to Gibbs for $3,333.33 in full settlement with him. O'Boyle concurrently executed a conveyance of the forty-acre tract to Dille and Horen, containing a recital that the grantees assumed and agreed to pay the aforesaid mortgages upon the land. The deed of conveyance was duly recorded in the deed records of the proper county in the state of Florida, and was then forwarded to appellants by mail. It is said by them that they received the deed in July, 1926, with a number of other papers relating to the transaction, that the papers, including the deed, were filed away without inspection by them, and that they did not learn that such a deed had been executed until a few days before the commencement of the present case in the year 1929. It appears, however, that in the years 1926 and 1927 appellants knew that the property had been conveyed to them, and by their conduct they ratified the transaction which O'Boyle had conducted for them.

In April, 1926, the appellees, Samuel and S. C. Hammond, purchased from Petty the two mortgage notes for $2,750 each, which were assumed by appellants under the provisions of the deed, and the same were duly assigned to them.

During this time efforts were made by O'Boyle to sell the property as the property of Dille and Horen, but without avail, and in December, 1926, a foreclosure was had in the Florida courts of the mortgage for $4,000, which was the first and prior mortgage upon the land. Notice of the foreclosure suit was

1050

regularly served upon Dille and Horen; the property was sold, and the price realized for it was sufficient to pay only the mortgage sued upon in the foreclosure case, no payment whatever being made from the proceeds upon the mortgage then held by appellees, nor has any payment ever been made upon it at any time.

The present case was begun by appellees in the lower court against appellants to recover a finding and decree upon the two promissory notes for $2,750 each, executed by O'Boyle to Petty as above set out, and assumed by them as grantees in the deed of conveyance executed by O'Boyle to them. Prior to the commencement of the case, O'Boyle had departed this life, leaving no estate whatever.

Upon these facts the lower court entered a decree requiring appellants to pay the amount of the two notes and interest to appellees in satisfaction of the mortgage debt. This appeal was then taken.

We think the decree of the lower court is sustained by the record and the authorities.

Appellants assign as error various rulings of the court upon the admission of evidence at the trial below, as well as the findings and conclusions of the court upon the facts. With respect to these it is sufficient to say that the facts as above recited are established by lawful evidence in the record.

▮ Appellants contend that the settlement made by O'Boyle with Petty, whereby ten acres of the land were withdrawn from the contract was made without their knowledge and consent, and that they were not bound by it. They claim that they would have a valid defense against O'Boyle if he were suing them for the enforcement of any obligation asserted thereunder, and that they likewise may defend against the appellees upon the ground that the present suit of the appellees is based upon the right of O'Boyle as mortgagor to enforce payment of the mortgage by appellants as his grantees.

We think that this claim is answered by the fact that appellants ratified the settlement made by O'Boyle and assumed the obligations imposed by it.

▮ The principles governing the present case are set out by the Supreme Court in Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667. It is there held that an agreement in a deed of real estate, by which the grantee assumes the payment of a mortgage made by the grantor, is a contract between the grantee and the mortgagor only; and does not, unless assented to by the mortgagee, create any direct obligation, at law or in equity, from the grantee to the mortgagee. But the mortgagee may avail himself in equity of the right of the mortgagor against the grantee. And if the mortgagee, after the land has been sold under a prior mortgage for a sum insufficient to pay that mortgage, and after he has recovered a personal judgment against the mortgagor, execution upon which has been returned unsatisfied, brings a suit in equity against the grantee alone, and the omission to make the mortgagor a party is not objected to at the hearing, it affords no ground for refusing relief. (Syllabus.)

▮ These principles are controlling in the instant case. The fact that appellees herein did not recover a judgment against O'Boyle is unimportant, inasmuch as O'Boyle was insolvent, and had died prior to the commencement of the present case. Moreover, the record does not sustain the claim of appellants that they might have interposed a valid defense against O'Boyle had he brought suit to compel them to pay the mortgage indebtedness. For the lower court has rightly found upon the evidence that appellants did not object to the settlement made for them with Petty by O'Boyle, but accepted the same. It follows also that appellees are not chargeable with laches under the circumstances, for the delay was caused by the failure of appellants to promptly pay a debt which they had assumed to pay, and which appellees were all the time seeking to collect.

We therefore affirm the decree of the lower court, with costs.

Affirmed.